THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN OFFICIAL ATTORNEY GENERAL OPINION REGARDING THE APPLICATION OF THE OKLAHOMA OPEN RECORDS ACT. BECAUSE YOUR REQUEST DEALS WITH A SPECIFIC FACT SITUATION, AND BECAUSE THE ANSWER TO YOUR REQUEST CAN BE DISCOVERED BY A REVIEW OF THE APPLICABLE STATUTES, OUR RESPONSE WILL NOT BE ADDRESSED IN A FORMAL ATTORNEY GENERAL OPINION. THIS LETTER CONTAINS THE LEGAL OPINION OF THE REVIEWING AND UNDERSIGNED ATTORNEY AND DOES NOT NECESSARILY EXPRESS THE OFFICIAL OPINION OF THE ATTORNEY GENERAL.
ALTHOUGH A FORMAL QUESTION HAS NOT BEEN PRESENTED, IT APPEARS FROM THE LETTER FROM ASSOCIATED BUILDERS AND CONTRACTORS, INC., THAT THE PERTINENT FACTS ARE THAT REQUESTS HAVE BEEN MADE TO PUBLIC BODIES FOR PAYROLL INFORMATION OF EMPLOYEES FOR CONTRACTORS OR SUBCONTRACTORS WHO ARE UNDER CONTRACT WITH PUBLIC BODIES. MY UNDERSTANDING IS THAT THESE PUBLIC BODIES DO NOT POSSESS OR HAVE IN THEIR CUSTODY THE PERSONNEL AND PAYROLL RECORDS WHICH BELONG TO THE CONTRACTORS AND SUBCONTRACTORS. THEREFORE, THE CENTRAL QUESTION APPEARS TO BE WHETHER A PUBLIC BODY MUST OBTAIN AND DISCLOSE PAYROLL INFORMATION REGARDING THE EMPLOYEES OF PRIVATE CONTRACTORS AND SUBCONTRACTORS WHO ARE UNDER CONTRACT WITH A PUBLIC BODY.
THE OKLAHOMA OPEN RECORDS ACT, CODIFIED AT 51 O.S. 24A.1 (1988), ET SEQ., ("ACT"), DEFINES A RECORD AS ALL DOCUMENTS WHICH ARE:
 "CREATED BY, RECEIVED BY, UNDER THE AUTHORITY OF, OR COMING INTO THE CUSTODY, CONTROL OR POSSESSION OF PUBLIC OFFICIALS, PUBLIC BODIES, OR THEIR REPRESENTATIVES IN CONNECTION WITH THE TRANSACTION OF PUBLIC BUSINESS, THE EXPENDITURE OF PUBLIC FUNDS, OR THE ADMINISTERING OF PUBLIC PROPERTY."
A PUBLIC BODY, AS DEFINED BY THE ACT, MAY TAKE MANY FORMS, RANGING FROM A STATE AGENCY TO A STUDY GROUP OR TASK FORCE. BUT, WHATEVER ITS FORM, TO RISE TO THE LEVEL OF A PUBLIC BODY IT MUST BE SUPPORTED IN WHOLE OR IN PART BY PUBLIC FUNDS OR ENTRUSTED WITH THE EXPENDITURE OF PUBLIC FUNDS OR ADMINISTERING OR OPERATING PUBLIC PROPERTY. CERTAINLY, EVEN THOUGH A CONTRACTOR MAY RECEIVE PUBLIC FUNDS BY WAY OF A CONTRACT IT MAY HAVE WITH A PUBLIC BODY, A PRIVATE CONTRACTOR UNDER THE ACT IS NOT CONSIDERED TO BE A PUBLIC BODY.
THE SHORT ANSWER TO YOUR QUESTION IS THAT THE PUBLIC BODY IS NOT REQUIRED TO OBTAIN PAYROLL INFORMATION REGARDING EMPLOYEES OF PRIVATE AND INDEPENDENT SUBCONTRACTORS AND CONTRACTORS PURSUANT TO THE OPEN RECORDS ACT. THERE ARE SEVERAL REASONS WHY THE ACT DOES NOT REQUIRE THIS TYPE OF DISCLOSURE. FIRST, THE ACT SPECIFICALLY STATES AT 51 O.S. 24A.18 THAT "EXCEPT AS MAY BE REQUIRED IN SECTION 4 OF THIS ACT, THIS ACT DOES NOT IMPOSE ANY ADDITIONAL RECORD KEEPING REQUIREMENTS ON PUBLIC BODIES OR PUBLIC OFFICIALS." SECTION 51 O.S. 24A.4 PROVIDES THAT:
 "IN ADDITION TO OTHER RECORDS WHICH ARE KEPT OR MAINTAINED, EVERY PUBLIC BODY AND PUBLIC OFFICIAL HAS A SPECIFIC DUTY TO KEEP AND MAINTAIN COMPLETE RECORDS OF THE RECEIPT AND EXPENDITURE OF ANY PUBLIC FUNDS REFLECTING ANY FINANCIAL AND BUSINESS TRANSACTIONS RELATING THERETO, EXCEPT THAT SUCH RECORDS MAY BE DISPOSED OF AS PROVIDED BY LAW."
A PUBLIC BODY IS NOT REQUIRED TO COMPILE OR MAKE NEW RECORDS WHICH ARE NOT PRESENTLY IN EXISTENCE IN ORDER TO RESPOND TO AN OPEN RECORDS REQUEST. SECTION 24A.4 DOES REQUIRE THE PUBLIC BODY TO DISCLOSE THE CONTRACT EXECUTED BY THE PUBLIC ENTITY AND THE CONTRACTOR AND THE AMOUNT OF PUBLIC FUNDS EXPENDED. THE ACT DOES NOT REQUIRE THE PUBLIC BODY TO GO TO THE INDIVIDUAL CONTRACTORS AND SUBCONTRACTORS AND OBTAIN AND COMPILE RECORDS REGARDING INDIVIDUAL SALARIES OF PARTIES WHO ARE NOT STATE EMPLOYEES.
THE SECOND REASON WHY THIS INFORMATION IS NOT SUBJECT TO DISCLOSURE UNDER THE OPEN RECORDS ACT IS FOUND IN 51 O.S. 24A.7 UNDER THE "PERSONNEL RECORDS — CONFIDENTIALITY" SECTION. THIS SECTION PROVIDES:
 "A. A PUBLIC BODY MAY KEEP PERSONNEL RECORDS CONFIDENTIAL: 2) WHERE DISCLOSURE WOULD CONSTITUTE A CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY SUCH AS EMPLOYEE EVALUATIONS, PAYROLL DEDUCTIONS, OR EMPLOYMENT APPLICATIONS SUBMITTED BY PERSONS NOT HIRED BY THE PUBLIC BODY. (EMPHASIS ADDED)"
THE ACT MAKES IT CLEAR THAT IF A PERSON IS A STATE EMPLOYEE OR PUBLIC OFFICIAL, THEN DISCLOSURE OF THAT PERSON'S GROSS RECEIPT OF PUBLIC FUNDS IS REQUIRED. HOWEVER, IT IS CONSIDERED TO BE AN INVASION OF PERSONAL PRIVACY TO DISCLOSURE SUCH INFORMATION IF THE PERSON IS NOT A STATE EMPLOYEE. SINCE THE EMPLOYEES INVOLVED IN YOUR QUESTION ARE NOT STATE EMPLOYEES, BUT RATHER, THE EMPLOYEES OF PRIVATE CONTRACTORS OR SUBCONTRACTORS, IT WOULD BE A CLEARLY UNWARRANTED INVASION OF THEIR PERSONAL PRIVACY TO DISCLOSE THEIR PRIVATE SALARY INFORMATION.
AGAIN, THE PUBLIC IS ENTITLED TO REVIEW AND RECEIVE INFORMATION REGARDING THE CONTRACT BETWEEN THE PUBLIC BODY AND THE PRIVATE CONTRACTOR AND TO KNOW THE EXACT AMOUNT PAID TO THE CONTRACTOR.
(RACHEL LAWRENCE MOR)